Form 149

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

In re:

**Barry R. Henderson**
  Debtor(s)

Bankruptcy Case No.: 15–20353–CMB
Per March 28, 2019 proceeding
Chapter: 13
Docket No.: 63 – 59, 60, 61
Concil. Conf.: at

**ORDER OF COURT CONFIRMING PLAN AS MODIFIED
AND SETTING DEADLINES FOR CERTAIN ACTIONS**

*(1.) PLAN CONFIRMATION:*

IT IS HEREBY ORDERED that upon consent of the Debtor(s), the Chapter 13 Plan dated February 20, 2019 is CONFIRMED as modified at the Plan confirmation hearing. Terms of the Plan not expressly modified by this Order remain in full force and effect. A copy of this Plan was previously mailed to you. *Only those provisions which are checked below apply to this case:*

☑ A.  For the remainder of the Plan term, the periodic Plan payment is amended to be $2103.00 as of April 2019. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐ B.  The length of the Plan is increased to a total of months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C.  Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees. *A final plan conciliation conference will be held on at , in .* If the Parties cannot resolve all disputes at the conciliation conference, a hearing will be scheduled and orally announced at the conclusion of the conference without any further written notice to any party. Parties are directed to monitor the Court's docket and read the Chapter 13 Trustee's minutes of the conciliation conference to the extent such parties desire more information regarding the outcome of the conciliation conference.

☐ D.  Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority, or extent of liens; including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

☐ E.  The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

☐ F.  shall be paid monthly payments of $ beginning with the Trustee's distribution and continuing for the duration of the plan term, to be applied by that creditor to it's administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☑ G.  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim: Wilmington (Claim No .3) with payment changes implemented .

☑ H.  Additional Terms: A fee application is due if any fee, including retainer, exceeds $4,000,including any fees paid to prior counsel.

Fayette County TCB shall be paid per plan with interest accruing 4/2019 forward.

*(2.)    IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED:*

**A.    Objections to the Plan.** Pursuant to *Fed.R.Bankr.P. 2002(b)*, this Order shall not become final for a period of twenty−eight (28) days. Any party in interest with an objection to any provision of this Confirmation Order must file a written objection within that twenty−eight (28) day period. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this confirmed Plan. The Trustee may disburse funds pursuant to this confirmation order upon it's entry.

**B.    Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor(s) shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

**C.    Review of Claims Docket and Objections to Claims.** Pursuant to *W.PA.LBR 3021−1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review the proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely.

**D.    Motions or Complaints Pursuant to §§506, 507 or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507 and 522* shall be filed within ninety (90) days after the claims bar date.

**E.    Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

*(3.)*   **IT IS FURTHER ORDERED THAT:**

**A.**   After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

**B.**   Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

**C.**   Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' counsel and Debtor(s) at least twenty−one (21) days prior to the change taking effect.

**D.**   Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016−1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

**E.**   The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising pre−confirmation defaults in any subsequent motion to dismiss.

**F.**   In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any *secured claim* that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated: April 1, 2019

Carlota M. Böhm, Judge
United States Bankruptcy Court

cc:   All Parties in Interest to be served by Clerk in seven (7) days

```
                         United States Bankruptcy Court
                         Western District of Pennsylvania
In re:                                                            Case No. 15-20353-CMB
Barry R. Henderson                                                Chapter 13
         Debtor
                              CERTIFICATE OF NOTICE
District/off: 0315-2           User: lmar                  Page 1 of 2                  Date Rcvd: Apr 01, 2019
                               Form ID: 149                Total Noticed: 13


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 03, 2019.
db             +Barry R. Henderson,    535 Breakiron Road Extension,    Connellsville, PA 15425-6345
cr             +Wilmington Savings Fund Society, FSB, et al,    1600 South Douglass Road,
                 Anaheim, CA 92806-5948
14035804       +Bayview Loan Servicing, LLC, a Delaware Limited Li,    4425 Ponce de Leon Boulevard,
                 Coral Gables, FL 33146-1837
14519832      #+CLEARSPRING LOAN SERVICES, INC.,    18451 N. DALLAS PARKWAY, SUITE 100,    DALLAS, TX 75287-5209
13990751        Columbia House DVD Club,    P.O. Box 91601,   Rantoul, IL 61866-8601
13990752        First National Bank of PA,    4140 East State Street,   Hermitage, PA 16148-3487
13990753        Phelan Hallinan, LLP,    One Penn Center Plaza @ Suburban Station,
                 1617 John F. Kennedy Blvd.--Suite 1400,    Philadelphia, PA 19103-1814
13990754      #+Trident Asset Manageme,    53 Perimeter Ctr E Ste 4,   Atlanta, GA 30346-2230
14704983       +Wilmington Savings Fund Society, FSB, et al,    c/o Carrington Mortgage Services, LLC,
                 1600 South Douglass Road,    Anaheim, CA 92806-5948

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
14019492        E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 02 2019 04:03:23
                 American InfoSource LP as agent for,    Verizon,   PO Box 248838,
                 Oklahoma City, OK   73124-8838
13990750       +E-mail/Text: bkmailbayview@bayviewloanservicing.com Apr 02 2019 03:45:15
                 Bayview Loan Servicing,    4425 Ponce De Leon Boulevard--5th Floor,
                 Coral Gables, FL 33146-1837
14223843       +E-mail/Text: bncmail@w-legal.com Apr 02 2019 03:45:04     Trifera, LLC,
                 c/o Weinstein & Riley, P.S.,    2001 Western Avenue, Suite 400,    Seattle, WA 98121-3132
13990755       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 02 2019 03:43:53
                 Verizon,   Attn: Bankruptcy,    500 Technology Drive,   Weldon Spring, MO 63304-2225
                                                                                               TOTAL: 4

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              Bayview Loan Servicing, LLC, a Delaware Limited Li
cr              Wilmington Savings Fund Society FSB as trustee of
cr              Wilmington Savings Fund Society, FSB
cr*            +CLEARSPRING LOAN SERVICES, INC.,    18451 N. DALLAS PARKWAY,    SUITE 100,
                 DALLAS, TX 75287-5209
cr*            +Trifera, LLC,    c/o Weinstein & Riley, P.S.,   2001 Western Avenue, Suite 400,
                 Seattle, WA 98121-3132
                                                                                              TOTALS: 3, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 03, 2019                                         Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 1, 2019 at the address(es) listed below:
          Celine P. DerKrikorian   on behalf of Creditor   Bayview Loan Servicing, LLC, a Delaware Limited
           Liability Company ecfmail@mwc-law.com
          Daniel R. White   on behalf of Debtor Barry R. Henderson dwhite@zeblaw.com,
           gianna@zeblaw.com;dwhite.zmw@gmail.com;r63228@notify.bestcase.com
          James Warmbrodt   on behalf of Creditor   Wilmington Savings Fund Society FSB as trustee of
           Stanwich Mortgage Loan Trust A bkgroup@kmllawgroup.com
          Joseph A. Dessoye   on behalf of Creditor   CLEARSPRING LOAN SERVICES, INC. pawb@fedphe.com
          Laurence A. Mester   on behalf of Creditor   Wilmington Savings Fund Society, FSB
           lmester@mesterschwartz.com,   jottinger@mesterschwartz.com;jschwartz@mesterschwartz.com
```

```
District/off: 0315-2          User: lmar                 Page 2 of 2              Date Rcvd: Apr 01, 2019
                              Form ID: 149               Total Noticed: 13
```

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system (continued)
           Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
           Ronda J. Winnecour    cmecf@chapter13trusteewdpa.com
           Thomas   Song    on behalf of Creditor   Trifera, LLC pawb@fedphe.com
                                                                        TOTAL: 8